**Fei HE, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

No. 04–0020AG.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2005.

Peter D. Lobel, New York, New York, for Petitioner.

Jonathon S. Gasser, Acting United States Attorney for the District of South Carolina, Christie V. Newman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. BARRINGTON D. PARKER, Circuit Judges.

SUMMARY ORDER

Fei He, through counsel, petitions for review of the BIA affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*);

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is autom atically substituted for for- mer Attorney General John Ashcroft as a re- spondent in this case.

*Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. s 1252(b)(4)(B).

 In this case, each of the IJ's factual determinations was supported by substantial evidence in the record. The IJ correctly pointed out that He's claim that he feared future persecution was not plausible, given the lack of persecution suffered by other members of his family, and the short length of his parents' detention by the Chinese government. The IJ's adverse credibility determination was based on specific examples in the record of He's inability to provide correct, detailed answers to questions about Roman Catholicism, despite the fact that his adherence to that faith was the basis for his asylum claim. Additionally, the IJ properly determined that He failed to provide sufficient evidence of a well-founded fear of persecution because He was neither a priest nor a religious leader in his church, and because he offered no evidence that his family had suffered further persecution on the basis of their adherence to Catholicism. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong,* 406 F.3d at 111.

Because He is ineligible for asylum, the IJ properly concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales,* 331 F.3d at 306. Furthermore, with regard to the CAT claim, He failed to prove that "it is more likely than not that he ... would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, he is not eligible for CAT relief. While the IJ made an adverse credibility finding, the IJ considered all of the proffered evidence and, therefore, gave the CAT claim "individualized treatment." *Ramsameachire,* 357 F.3d at 186 (internal quotations omitted).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.